## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

DAVID HADDEN,         )
         )
       Plaintiff,     )
         )
v.         )    No.: 25-3308-SEM-DJQ
         )
         )
ASSISTANT STATE'S     )
ATTORNEY BRANDON,    )
         )
       Defendant.    )

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff David Hadden, proceeding *pro se*, is an inmate with the Illinois Department of Corrections ("IDOC") who is incarcerated at the IDOCs Graham Correctional Center ("Graham"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act, the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, on or about February 20, 2025, he appeared in Sangamon County court on traffic charges, including a charge of failure to obtain proper insurance. Previously, Plaintiff had been found guilty in January 2025 of failure to obtain proper insurance on his vehicle. Plaintiff was found guilty on this January 2025 charge because he had failed to appear in court because he was suffering from COVID-19.

After discussing the matter, Plaintiff alleges that Defendant Sangamon County Assistant State's Attorney Brandon L/N/U agreed to dismiss the past lack of insurance violation and the

current lack of insurance violation if Plaintiff agreed to plead guilty to the charge of improper use of a vehicle based upon an improper registration and license plate on that vehicle. After reaching this agreement, Plaintiff pled guilty to the agreed charge and the judge imposed a sentence.

However, ASA Brandon never moved to dismiss the two charges regarding Plaintiff's lack of proof of insurance. Plaintiff contends that ASA Brandon's failure to do so led to a cascade of events that caused Plaintiff to lose a significant amount of money and that led to the closure of his business.

In March 2025, Plaintiff contacted ASA Brandon, who again represented to Plaintiff that he would obtain a dismissal of the two charges for lack of insurance. But according to Plaintiff, Brandon never did so. Accordingly, Plaintiff has filed this case under § 1983 against ASA Brandon because ASA Brandon's failure to obtain the promised dismissals is the proximate cause of his monetary damages.

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Prosecutors are immune from liability for money damages under § 1983 for actions "within the scope of his

prosecutorial duties" that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 420, 430 (1976). In fact, absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003)

In the instant case, every act of failure to act by ASA Brandon of which Plaintiff complains was done in his role and duties as a prosecutor. Although the transactions that transpired against Plaintiff after ASA Brandon failed to obtain the promised dismissals were unfortunate, ASA Brandon is absolutely immune from Plaintiff's § 1983 claim against him.

**IT IS, THEREFORE, ORDERED:**

**1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted, and allowing Plaintiff to attempt to amend his complaint based upon the facts as alleged by him would be futile. Fed. R. Civ. P. 12(b)(6).**

**2.      Accordingly, this case is DISMISSED WITH PREJUDICE based upon Plaintiff's failure to file a complaint upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). The**

4

Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff. All other pending motions are denied as moot, and this case is closed. All deadlines and settings on the Court's calendar are vacated.

3.    The Clerk of the Court is also directed to add this dismissal to the Court's "three-strikes" list under the Prison Litigation Reform Act.

4.    Plaintiff is advised that this dismissal may count as a "strike" under 28 U.S.C. 1915(g).

5.    If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

6.    If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment

of the issue of good faith."); ***Walker v. O'Brien***, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).**

**7.    If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 6th day of November, 2025

s/ Sue E. Myerscough

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE